ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
PATRICIA C. LUCA,

              Plaintiff,

    -against-                        **MEMORANDUM AND ORDER**
                                                      Case No. 04-CV-4898 (FB) (JO)

THE COUNTY OF NASSAU and NASSAU
COUNTY POLICE DEPARTMENT, NASSAU
COUNTY CIVIL SERVICE COMMISSION, KARL
KAMPE in his individual and official capacity and
POLICE OFFICER CRESSWELL in her individual
and official capacity, and CAPTAIN MCGOVERN
in his individual and official capacity,

              Defendants.
-----------------------------------------------------------x

*Appearances:*
*For the Plaintiff:*
FREDERICK K. BREWINGTON, ESQ.
Law Offices of Frederick K. Brewington
50 Clinton Street, Suite 501
Hempstead, NY 11550

*For the Defendants:*
LORNA B. GOODMAN, ESQ.
Nassau County Attorney
By: BETHANY BRESNAIDER O'NEILL, ESQ.
Deputy County Attorney
One West Street
Mineola, NY 11501

**BLOCK, Senior District Judge:**

        In a Memorandum and Order ("M&O") dated May 8, 2007, familiarity with which is presumed, the Court granted partial summary judgment to defendants dismissing all of plaintiff's claims except for her retaliation claims against the County of Nassau under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and New York States Human Rights Law, N.Y. Exec. Law § 296. *See Luca v. County of Nassau,*

2007 WL 1343670 (E.D.N.Y. May 8, 2007). Luca moves for reconsideration of the dismissal of her procedural due process and equal protection claims under 42 U.S.C. § 1983.

## A. Procedural Due Process

As the Court held in the May 8th M&O, "under New York law, a civil servant 'does not possess any mandated right to appointment or any other legally protectible interest[,] [but] can assert at most the right to consideration for and a 'hope' of appointment.'" 2007 WL 1343670, at *4 (quoting *Cassidy v. Municipal Civil Serv. Comm'n*, 37 N.Y.2d 526, 529 (1975)).

Luca contends on reconsideration that she "has never asserted that she has a property interest in employment," *see* Pl.'s Reply Mem. in Supp. at 4, but argues, for the first time, that she had (1) a right to be "timely certified" to the Nassau County Police Department ("NCPD"), which was infringed by the alleged delay in her background investigation, and (2) "a property interest in her conditional employment with the [NCPD]." Pl.'s Mem. of Law in Supp. at 5, 13. In addition to being untimely, *see Caribbean Trading and Fid. Corp. v. Nigerian Nat'l Petroleum Corp.*, 948 F.2d 111, 115 (2d Cir. 1991) (interpreting the predecessor to Local Civil Rule 6.3 "as precluding arguments raised for the first time on a motion for reconsideration"), these arguments are without merit.

With respect to the first, Luca has not cited any case that recognizes a property interest in "timely certification" under New York law. Luca's exclusive reliance on the district court decision of *Drogan v. Ward*, 675 F. Supp. 832 (S.D.N.Y. 1987) is misplaced since that court made no determination as to the effect of the defendant's delay

on the plaintiff's opportunity to be considered for a promotion. *See id.* at 837 ("[I]t is not necessary at this time to decide whether the pendency *per se* of charges against Drogan deprived him of a right to consideration for promotion without due process . . . ."). In any event, Luca has not identified, nor has the Court found, any evidence in the record that, but for the alleged delay in her background investigation, she would have been considered for the position of police officer sooner; accordingly, her "right to consideration" under *Cassidy* was not implicated. 37 N.Y.2d at 529.

As for the second, the record reflects that (1) the conditional offers extended to Luca and other candidates were explicitly premised on "funding" and "vacancy availability"; (2) the second offer stated that it "may be rescinded by [NCPD] at any time," Decl. of Bethany O'Neill, Exs. X (Conditional Offer dated Jan. 9, 2001), Z (Conditional Offer dated Aug. 6, 2002), and (3) NCPD rescinded those offers to all candidates prior to Luca's non-selection, *see id.*, Exs. Y (Letter dated Jan. 16, 2002), AA (Letter dated Mar. 31, 2003). Accordingly, the conditional offers did not create a protected property interest. *See McMenemy v. City of Rochester*, 241 F.3d 279, 286 (2d Cir. 2001) ("A person's interest in a benefit is a 'property' interest for due process purposes if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit." (internal quotation marks and citation omitted)).

Finally, Luca mistakenly relies on New York Civil Service Law § 50(4), arguing, again for the first time, that she was "entitled to a due process hearing and opportunity to be heard" prior to being non-selected by NCPD. Pl.'s Mem. of Law in Supp.

3

at 2. In addition to being untimely, *see Caribbean Trading*, 948 F.2d at 115, the argument is also without merit, since § 50(4) only applies to the "[d]isqualification of applicants or eligibles" by the "state civil service department and municipal commissions," N.Y. Civ. Serv. Law § 50(4). At most, the section creates a right to notice and an opportunity to be heard before being disqualified from an eligibility list. *See id.* ("No person shall be disqualified pursuant to this subdivision unless he has been given a written statement of the reasons therefor and afforded an opportunity to make an explanation and to submit facts in opposition to such disqualification."). Even assuming that statutory right rises to the level of a property interest protected by the due process clause, it is irrelevant because Luca was not disqualified from the eligibility list; rather she remained on the list and was non-selected for the position she sought. As the Court correctly held in the May 8th M&O, non-selection does not give rise to a procedural due process claim because, as *Cassidy* holds, a place on an eligibility list does not create "any mandated right to appointment or any other legally protectible interest." 37 N.Y.2d at 529.

## B. Equal Protection

With respect to Luca's equal protection claims, her arguments on reconsideration are, in essence, a recapitulation of the arguments she made in opposition to defendants' motion for summary judgment. The Court addressed, and correctly rejected, these arguments in the May 8th M&O: (1) noting that "[t]he Second Circuit has refused to recognize such claims under § 1983 where, as here, the plaintiff alleges that defendants retaliated against her for complaining of discrimination," 2007 WL 1343670, at

*5 (citing *Bernheim v. Litt*, 79 F.3d 318, 323 (2d Cir. 1996); (2) holding that "Luca fail[ed] to establish a prima facie case of sex discrimination, specifically, that she was non-selected 'under circumstances giving rise to an inference of discriminatory intent'" because she "d[id] not dispute that two out of five female applicants were hired by NCPD from her same group of candidates . . . and ha[d] admitted in her own deposition statements that she was not discriminated against based on her sex," *id.* at *2; and (3) holding that "there [was] no basis for municipal liability under § 1983" since "[t]hese same undisputed facts – that NCPD hired other women from the same list of candidates – undermine[d] Luca's claim that the decision to non-select her was made pursuant to some County policy or custom to discriminate on the basis of sex," *id.* (citing *Monell v. New York City Department of Social Servs.*, 436 U.S. 658, 694 (1983)).

## CONCLUSION

Luca's procedural due process arguments, raised for the first time on reconsideration, are untimely. In any event, with respect to those arguments and her equal protection claims, Luca has failed to show that the Court overlooked "controlling decisions or data . . . that might reasonably be expected to alter [its] conclusion." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Accordingly, her motion for reconsideration is denied.

**SO ORDERED.**

/signed/

Brooklyn, New York  
July 18, 2007

FREDERIC BLOCK  
Senior United States District Judge